**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES K. IRONS,

      Petitioner-Appellant,

v.

AL ESTEP, Warden, L.C.F.;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 05-1412
(D.C. No. 05-cv-1251-ZLW)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

    James K. Irons, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. §

2254 petition as time barred. The district court denied Mr. Irons' request to

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

proceed *in forma pauperis* (*ifp*). We review Mr. Irons' pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and exercise jurisdiction over this case pursuant to 28 U.S.C. §§ 1291 and 2253(c). In so doing, we conclude jurists of reason would not find debatable the district court's rejection of Mr. Irons' petition for relief, nor its conclusion that he has not shown the existence of a reasoned non-frivolous argument. We therefore deny Mr. Iron's application for a COA as well as his request to proceed *ifp*.

Mr. Irons was convicted in 2003 in Colorado state court of various drug crimes. He was sentenced to eight years in prison and three years of mandatory parole. He did not file a direct appeal. In April 2005, he sought state post conviction relief by filing a motion under Rule 35(c) of the Colorado Rules of Criminal Procedure. While that motion was still pending, he filed the instant petition in federal court claiming his state sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because he had received a sentence outside the presumptive sentencing range based on facts determined by a judge rather than by a jury.

The district court ordered Mr. Irons to show cause why his application should not be denied as time barred by the one-year limitation period applicable

to his claims under 28 U.S.C. § 2244(d),[1] based on its determination that Mr. Irons' sentence became final in 2003. Consequently, barring equitable tolling under *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), the one-year limitations period during which Mr. Irons could file his § 2254 petition expired in 2004.

In responding to the show cause order, Mr. Irons raised a number of arguments claiming grounds for both statutory tolling under § 2244(d) and equitable tolling. He first asserted the one-year limitation period did not begin to

---

[1]The statute directs that

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

run in 2003 when his conviction became final because his state appointed attorney was ineffective and therefore represented a state-created impediment under § 2244(d)(1)(B). He also contended he did not become aware of the factual predicate of his claim under § 2244(d)(1)(D) until he learned in the fall of 2004 that the Colorado courts were applying the rulings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely* to Colorado sentences. Therefore, Mr. Irons asserted, the tolling period for his claims had either not expired, or he should be granted equitable tolling to challenge his state sentence.

The district court rejected Mr. Irons' arguments. Citing to *Polk County v. Dodson*, 454 U.S. 312 (1981), the court noted that ineffective assistance of counsel cannot constitute a state-created impediment under § 2244(d)(1)(B) because defense attorneys are not state actors when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Nor did Mr. Irons demonstrate how the actions of his attorney prevented him from filing his § 2254 petition in a timely manner.

The district court also rejected Mr. Irons' argument that he did not discover the factual predicates for his claim until the fall of 2004. The court noted that Mr. Irons was aware at the time of his sentencing in 2003 that he was sentenced outside of the presumptive range of two to six years. This was the factual predicate of his claim, not Mr. Irons' subsequent discovery of a legal argument

-4-

that might further his petition for relief. Finally, the court determined Mr. Irons failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from filing his § 2254 action in a timely manner so as to warrant an equitable tolling of § 2244(d). *See Miller*, 141 F.3d at 978. The court dismissed Mr. Irons' § 2254 petition as untimely.

We grant COA only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have reviewed the district court's ruling, the record on appeal, and Mr. Irons' submissions to this court, and are not persuaded jurists of reason would find debatable the district court's dismissal of Mr. Irons' petition. In addition, we conclude he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citation and quotation marks omitted).

Accordingly, we **DENY** Mr. Irons' petition for *ifp* status and his application for a COA, and we **DISMISS** the appeal.

-5-

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge